**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianne Barker, | ) No. CV 07-554-PHX-MHM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| The Hertz Corporation, et al., | ) |
| Defendants. | ) |

Currently before the Court are Plaintiff's motion to amend her complaint (Dkt. #22) and motion to continue (Dkt. #24). After reviewing the pleadings, the Court issues the following order.

I

On March 25, 2007, Plaintiff Dianne Barker ("Plaintiff") filed her complaint against Defendants The Hertz Corporation, Teamsters Local 104, and SW Teamsters Security Fund ("Defendants"). (Dkt. #1). Defendants filed their answer on April 4, 2007. (Dkt. #6).

On August 29, 2006, a scheduling conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"). At the hearing, the Court set a number of scheduling deadlines, including the following: (1) the parties were to file any FRCP 12(b) motions, motions to amend, and motions to join additional parties by August 31, 2007; (2)

1 Plaintiff was to disclose her expert witnesses by November 15, 2007; (3) Defendants are
2 to disclose their expert witnesses by December 14, 2007; (4) the parties are to disclose
3 any rebuttal expert witnesses by January 15, 2008; (5) the parties must complete all
4 discovery by February 22, 2008; and (6) the parties must file their dispositive motions by
5 March 21, 2008.  (Dkt. #20).

6      On August 31, 2007, Plaintiff filed the instant motion to amend her complaint.
7 (Dkt. #22).  In her motion to amend, Plaintiff seeks to amend her original complaint to
8 include a jury demand and to add additional parties.  Plaintiff's motion to amend also
9 requests that this Court recuse itself and seeks reconsideration of "subject matter
10 jurisdiction," which appears to be a request to transfer the case to a Magistrate Judge.

11      On October 24, 2007, Plaintiff filed the instant motion for continuance.  (Dkt.
12 #24).  Plaintiff appears to seek to continue the remaining Rule 16 scheduling deadlines,
13 including Plaintiff's expert disclosure deadline, which expired on November 15, 2007.
14 (Dkt.#20).

15

16 II
17 A.

18      "Although pro se, [Plaintiff] is expected to abide by the rules of the court in which
19 [she] litigates."  Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986).  A pro se
20 plaintiff's "good faith mistake as to the deadline for demanding a jury trial establishes no
21 more than inadvertence, which is not a sufficient basis to grant relief from an untimely
22 jury demand."  Zivkovic v. Souther California Edison Co., 302 F.2d 1080, 1087 (9th Cir.
23 2002); Kulas v. Flores, 255 F.3d 780, 784 (9th Cir. 2001) (holding that a pro se plaintiff
24 waived any right to a jury trial by failing to file a timely demand as required by FRCP
25 38(b)).

26      FRCP 38(b) states that "[a]ny party may demand a trial by jury of any issue triable
27 by a jury by (1) serving upon the other parties a demand therefore in writing at any time
28 after the commencement of the action and not later than 10 days after the service of the

1  last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)."
2  Further, FRCP 38(d) states that "[t]he failure of a party to serve and file a demand as
3  require by this rule constitutes a waiver by the party of trial by jury."

4        On March 15, 2007, Plaintiff filed her original complaint against Defendants; the
5  complaint did not include a jury demand.  The last pleading relating to Plaintiff's
6  complaint was Defendant's April 4, 2007 answer to the complaint.  Plaintiff did not serve
7  Defendants with a demand for jury trial within ten days after service of the last pleading.
8  Thus, Plaintiff's motion to amend her complaint to add a jury trial is untimely.

9        Plaintiff states no reason for failing to comply with FRCP 38(b), and cites no
10 authority supporting her motion to amend.  Instead, Plaintiff merely states that her motion
11 to amend should be granted because at the Rule 16 scheduling conference the Court
12 granted Plaintiff leave to move to amend her complaint by August 31, 2007, and Plaintiff
13 filed the motion on August 31, 2007, the final date set by the Rule 16 scheduling order for
14 filing motions to amend.  Plaintiff does not establish that her failure to follow the
15 deadlines under the Federal Rules of Civil Procedure for making a jury demand was
16 anything more than inadvertence.  Thus, Plaintiff does not provide a sufficient basis on
17 which the Court may grant relief from an untimely jury demand

18       Accordingly, the Court denies Plaintiff's motion to amend her complaint to add a
19 jury demand.

20                                             B.

21       Under FRCP 15(a), "leave to amend should be granted . . . unless amendment
22 would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates
23 undue delay."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).
24 However, under Local Rule of Civil Procedure ("LRCiv") 15.1(a), "[a] party who moves
25 for leave to amend a pleading must attach a copy of the proposed amended pleading as an
26 exhibit to the motion, which shall indicate in what respect it differs from the pleading
27 which it amends."
28

1     The only reference to any additional parties in Plaintiff's motion to amend are the
2 addition of "Hertz Global Holding," "EEOC - Phoenix," and "City of Phoenix" in the
3 case caption.  Plaintiff's motion is completely devoid of any basis for amendment to
4 permit Plaintiff to name "Hertz Global Holding," "EEOC - Phoenix," and the "City of
5 Phoenix," as Defendants in this matter.  Plaintiff simply requests that these parties be
6 listed as Defendants without any explanation of why they should be named.  In addition,
7 Plaintiff fails to provide any attachment of her amended complaint demonstrating the
8 basis for naming these individuals as Defendants.  In such circumstances, the Court will
9 not grant leave to amend.  See Spadofore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003)
10 (denying leave to amend where moving party fails to attach proposed amendment because
11 the court is unable to determine whether to grant leave to amend); see also Meehan v.
12 United Consumers Club Franchising Corp., 312 F.3d 909, 913-14 (9th Cir. 2002) (finding
13 no abuse of discretion where district court denied leave to amend where party failed to
14 make motion to amend and attach proposed amended complaint).
15     Accordingly, the Court denies Plaintiff's motion to amend her complaint to add
16 additional parties.

17                                        C.

18     In addition, Plaintiff's motion to amend requests that the Court recuse itself.  Thus,
19 the Court will consider Plaintiff's request as a motion for recusal pursuant to 28 U.S.C. §
20 144.  That statute provides for the assignment of a new judge where a party to the
21 proceeding makes a showing of the present judge's personal bias or prejudice in a timely
22 and sufficient affidavit.  See 28 U.S.C. § 144.  Plaintiff did not submit an affidavit of bias
23 along with her request for recusal.  In addition, Plaintiff's only allegation of bias stems
24 from the fact that Plaintiff recognized the court reporter as the same court reporter who
25 had worked on one of Plaintiff's previous cases before Judge Strand.  As such, Plaintiff
26 has not made any allegations concerning any bias or prejudice that this Court personally
27 might have towards Plaintiff or her case.
28

1    Accordingly, the Court denies Plaintiff's motion for recusal under 28 U.S.C. §
2 144, as included in Plaintiff's motion to amend.

4                                               D.

5    Further, Plaintiff's motion to amend requests that the court "reconsider matter of
6 subject matter jurisdiction" and refer the case to a Magistrate Judge. Thus, the Court will
7 consider Plaintiff's request as a motion to refer the case to a Magistrate Judge pursuant to
8 LRCiv 72(a).

9    Pursuant to LRCiv 72(a), the Court may reassign the case to a random Magistrate
10 Judge for the hearing and determination of all or specific pretrial procedural and
11 discovery motions in accordance with the provisions of 28 U.S.C. § 636(b)(1). However,
12 the docket reflects that on April 20, 2007, Plaintiff elected to assign the case a District
13 Judge rather than a Magistrate Judge. (Dkt. #8). Further, both parties must consent to the
14 exercise of Magistrate Judge jurisdiction. There is no indication that Defendants have
15 consented to Magistrate Judge jurisdiction. Thus, if Plaintiff wants the Court to refer the
16 case to a Magistrate Judge, Plaintiff must seek Defendants consent and stipulation to the
17 exercise of Magistrate Judge jurisdiction, after which Plaintiff may file a motion with the
18 Court to refer the case to a Magistrate Judge pursuant to LRCiv 72(a).

19   Plaintiff cites the Court to Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711
20 F.2d 138 (9th Cir. 1983). However, that case involved a district court's dismissal of
21 claims for lack of subject matter jurisdiction pursuant to FRCP 12(h)(3). Thus, Sun
22 Valley Gasoline is inapplicable here.

23   Accordingly, the Court denies Plaintiff's motion to refer the case to a Magistrate
24 Judge pursuant to LRCiv 72(a), as included in Plaintiff's motion to amend.

25                                              III

26   A scheduling order "shall not be modified except by leave of . . . [the district court]
27 upon a showing of good cause." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
28 608 (9th Cir. 1992). The "good cause" standard "primarily considers the due diligence of

- 5 -

the party seeking the amendment" to the scheduling order.  Id.  "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension.  If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080 (9th Cir. 2002) (citations omitted).

On October 24, 2007, Plaintiff filed the instant motion for continuance.  Plaintiff states in her motion that she is a "disabled, single supported female" who "needs medical, financial and legal assistance with more time for such."  Plaintiff gives the following reasons in support of her motion to continue: (1) a Social Security Administration ("SSA") September 23, 2007 finding that Plaintiff became disabled on December 8, 2006, and that she would start receiving monthly disability benefits in June 2007; (2) Plaintiff's October 16, 2007 email replying to Defendants' email regarding "[Plaintiff's] Overdue Discovery Responses," which Plaintiff calls a "Copy of plaintiff's voluntary compliance and request for civil exchange to defendant's onerous, omnibus demands"; (3) "[t]he United States Constitution & Title VII fully support party's right to be heard by jury trial. Defendant's continuously are on record objecting to my intrinsic right that legal counsel [ineligible word] secure with this Court."

Plaintiff offers no explanation as to why she now needs to extend the Rule 16 scheduling deadlines.  The SSA's determination of Plaintiff's disability, although dated September 23, 2007, states that Plaintiff has been disabled since December 2006. Plaintiff did not object to the scheduling deadlines that the Court set at the August 29, 2007 Rule 16 scheduling conference.  Also, Plaintiff specifically referred to the scheduling deadlines in her August 31, 2007 motion to amend and did not contest the deadlines.

In addition, while Plaintiff asserts that Defendants have made onerous and omnibus demands, Defendants have only served Plaintiff with one request for production of documents that contains eight requests, and one set of interrogatories that contains 13 interrogatories.  There is nothing to indicate that these requests are overly burdensome.

1  Further, Defendants allege that to date, Plaintiff hasn't provided Defendants with any
2  responses to its written discovery requests or any responses to its written interrogatories.
3  Plaintiff offers
4      Moreover, there is no indication that Plaintiff has attempted to seek counsel or
5  needs additional time to obtain counsel.  Plaintiff  provides no indication – other than
6  conclusory statements – that she has diligently attempted to comply with the Rule 16
7  scheduling deadlines; Plaintiff has not shown good cause and offers no valid basis on
8  which to extend the Rule 16 scheduling deadlines.  Thus, the Court denies Plaintiff
9  motion for continuance.
10     **Accordingly,**
11     **IT IS HEREBY ORDERED** that Plaintiff's motion to amend her complaint is
12 denied.  (Dkt. #22).
13     **IT IS FURTHER ORDERED** that Plaintiff's motion for continuance is denied.
14 (Dkt. #24).
15     DATED this 13th day of December, 2007.

_____
Mary H. Murguia
United States District Judge