**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIANNE BARKER, ) | No. CV 07-554-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| THE HERTZ CORPORATION, et al., ) | |
| Defendants. ) | |

Currently pending before the Court are (1) Plaintiff Dianne Barker's motion "demanding this Court to read all pleadings Plaintiff files with this Court; adhere to Constitution, Title VII & Oaths" (Dkt. #35); (2) Plaintiff Barker's motion "for leave & supplement" (Dkt. #40); (3) Defendant Hertz Corporation's motion for sanctions (Dkt. #37); and (4) Defendant Hertz's motion for extension of time to complete discovery and file dispositive motions (Dkt. #42). After reviewing the pleadings and the docket, the Court issues the following order.

**I.     BACKGROUND**

On March 15, 2007, Plaintiff Dianne Barker ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint against Defendant The Hertz Corporation ("Defendant") asserting claims of, among other things, race, age, and disability discrimination, presumably under Title VII, the ADA, and the ADEA. (Dkt. #1). Plaintiff seeks back pay, presumably

1  under the Equal Pay Act (EPA), reinstatement, and compensatory and punitive damages.
2  (Id.). Defendant filed an answer denying Plaintiff's claim on April 4, 2007. (Dkt. #6).
3        On August 29, 2007, the Court held a scheduling conference pursuant to Rule 16(b)
4  of the Federal Rules of Civil Procedure. At the hearing, the Court set the following
5  deadlines: (1) the parties were to file Rule 12(b) motions, motions to amend, and motions to
6  join additional parties by August 31, 2007; (2) Plaintiff was to disclose her expert witnesses
7  by November 15, 2007; (3) Defendants were to disclose their expert witnesses by December
8  14, 2007; (4) the parties were to disclose any rebuttal expert witnesses by January 15, 2008;
9  (5) the parties were to complete all discovery by February 22, 2008; and (6) the parties were
10 to file their dispositive motions by March 21, 2008. (Dkt. #20). Accordingly, on August 31,
11 2007, Plaintiff filed a motion to amend her complaint to include a jury demand and to add
12 additional parties (Dkt. #22). In addition, on October 24, 2007, Plaintiff filed a motion for
13 continuance, seeking to continue the Rule 16 scheduling deadlines. (Dkt. #24). However,
14 on December 14, 2007, the Court denied Plaintiff's motion to amend and motion for
15 continuance. (Dkt. #26).
16       On January 3, 2008, Plaintiff filed a motion to vacate the Court's December 14, 2007
17 order and a motion to produce discovery. (Dkt. #27). Then, on January 8, 2008, Defendant
18 filed a notice of discovery dispute, stating that Plaintiff consistently refused to respond to
19 Defendant's August 28, 2007 First Request for Production of Documents and First Set of
20 Interrogatories, despite the denial of Plaintiff's motion for continuance. (Dkt. #28). The
21 Court held a telephonic hearing on January 30, 2008, to address the parties' discovery dispute
22 and Plaintiff's January 3, 2008 motions to vacate and produce. (Dkt. #33). Plaintiff and
23 Defendant's counsel appeared by telephone, and at the end of the telephonic conference the
24 Court denied Plaintiff's motion for reconsideration of the Court's December 14, 2008 order
25 and ordered Plaintiff to provide Defendant with responses to its written discovery requests
26 no later than February 6, 2008. (Dkt. #33, 34).
27       On February 13, 2008, Plaintiff filed her instant motion "demanding this Court to read
28 all pleadings Plaintiff files with this Court; adhere to Constitution, Title VII & Oaths." (Dkt.

1  #35). Then, on February 20, 2008, Defendant filed its instant motion for sanctions against
2  Plaintiff for failure to comply with discovery obligations, the Court's Rule 16 scheduling
3  order, and the Court's January 30, 2008 order. (Dkt. #37). In addition, on March 14, 2008,
4  Plaintiff filed a motion "for leave & supplement," seeking to supplement her response to
5  Defendant's motion for sanctions and to request that the Court consider certain deposition
6  testimony from previous lawsuits in relation to the issue of damages. (Dkt. #40).

## II.    PLAINTIFF's PENDING MOTIONS

On February 13, 2008, Plaintiff filed her motion "demanding this Court to read all pleadings Plaintiff files with this court; adhere to Constitution, Title VII & Oaths." (Dkt. #35). In that motion, Plaintiff alleges that the Court has not read, considered, comprehended, or ruled on Plaintiff's motions. (Dkt. #35, p.1). In addition, Plaintiff expresses her disagreement with the Court's January 30, 2008 order directing her to respond to Defendant's written discovery requests. (Id.). Further, Plaintiff seems to contend that the Court never ruled on her January 3, 2008 motion to produce discovery and vacate the Court's December 14, 2007 order denying her motions to continue the Rule 16 scheduling deadlines and amend her complaint. (Id.). Plaintiff appears to allege that the Court has received certain *ex parte* email submissions from opposing counsel, and that Plaintiff is entitled to said emails. (Dkt. #35, Ex.A).

In its response, Defendant states that it will assume that Plaintiff is requesting that the Court reconsider its January 30, 2008 order denying Plaintiff's January 3, 2008 motion to vacate and produce. (Dkt. #36, pp. 1-2). Defendant Hertz states that its objects to Plaintiff's motion for the same reasons that it objected to Plaintiff's January 3, 2008 motion – Plaintiff fails to cite to any legal authority or compelling reason for the Court to reconsider its denial of Plaintiff's motion to vacate and produce. (Dkt. #36, p.2).

Plaintiff labors under the mistaken belief that the Court has not read her pleadings and the applicable law in this case. The Court will assume that Plaintiff simply disagrees with the Court's prior rulings, and that Plaintiff again requests that the Court reconsider its rulings. However, courts only grant motions for reconsideration in rare circumstances;

- 3 -

1   "[r]econsideration is [only] appropriate if the district court (1) is presented with newly
2   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
3   or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah
4   County, Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Mere disagreement with
5   a court's ruling does not constitute an appropriate basis for reconsideration, and a motion for
6   reconsideration may not be used to re-litigate old matters or to raise arguments or present
7   evidence that could have been raised prior to entry of judgment. See, e.g., Collins v. D.R.
8   Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp.
9   v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988)); 1 Wright, Miller, & Kane,
10  Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28. As such, the Court denies
11  Plaintiff's motion for reconsideration.
12          Furthermore, the Court finds it difficult to believe how Plaintiff contends that the
13  Court did not rule on her January 3, 2008 motion. The Court specifically considered and
14  denied Plaintiff's January 3, 2008 motion to vacate and produce during the January 30, 2008
15  telephonic conference. (Dkt. #33, 34). Plaintiff appeared by telephone at that conference,
16  and, after both sides were allowed to argue their respective positions and the Court
17  considered the parties' positions and pleadings, the Court denied Plaintiff's motions on the
18  record. (Id.). In addition, to the extent that Plaintiff again requests that she receive "all
19  documents" in the case, and specifically any emails or proposed orders that the Court
20  allegedly received from opposing counsel, Plaintiff presupposes that such documents exist.
21  Plaintiff mentions no specific document that Plaintiff contends she has not received, and the
22  Court is unaware of any documents that it has received that were not also given to Plaintiff.
23  The Court has had no *ex parte* communications with either party. As such, the Court denies
24  Plaintiff's motion "demanding this Court to read all pleadings Plaintiff files with this court;
25  adhere to Constitution, Title VII & Oaths."
26          Plaintiff also moves the Court for leave to receive deposition evidence to provide the
27  Court with evidence of damages and "proof showing past & present harassment in court of
28  this party, a single, poor unrepresented female." (Dkt. #40). Plaintiff's attachment lists two

1    depositions and mentions "workman comp case files of Dianne Barker." (Dkt. #40, Ex. I(a)-
2    (c)). In response, Defendant states that the issue of damages is premature because the case
3    has not proceeded past the discovery phase, and "Plaintiff makes no attempt to explain how
4    the two deposition transcripts she identifies in her motion, neither of which were taken in this
5    action and one of which was taken before Plaintiff was even employed by [Defendant], are
6    relevant to her claims herein." (Dkt. #41, p.2).

7    The Court agrees with Defendant. The issue of damages is not ripe at this stage in the
8    litigation, as no discovery has taken place. Further, Plaintiff provides the Court with no
9    explanation as to the relevance of the cited deposition transcripts, neither of which were
10   taken in the instant lawsuit. Plaintiff's bare allegation that the depositions relate to damages
11   is insufficient, and the Court will not take judicial notice of depositions involving Plaintiff
12   that were taken in other lawsuits, especially given the fact that Plaintiff has repeatedly failed
13   to cooperate or abide by the Court's orders regarding discovery in this litigation. As such,
14   the Court denies Plaintiff's motion "for leave & supplement."

15   **III.   DEFENDANT'S MOTION FOR SANCTIONS**

16   On February 20, 2008, Defendant filed a motion for sanctions against Plaintiff,
17   requesting that the Court dismiss Plaintiff's claims with prejudice for failure to comply with
18   discovery obligations, failure to comply with the Court's Rule 16 scheduling deadlines, and
19   refusal to comply with the Court's January 30, 2008 order directing Plaintiff to respond to
20   Defendant's written discovery requests. (Dkt. #37). Defendant also seeks an order awarding
21   reasonable expenses and attorneys' fees that Defendant incurred as a result of Plaintiff's
22   failure to respond to Defendant's written discovery requests and comply with the Court's
23   January 30, 2008 order. (Id., p.7).

24   Defendant states that Plaintiff has yet to respond to its August 28, 2007 First Request
25   for Production of Documents and First Set of Interrogatories. (Dkt. #37, p.2). In addition,
26   Plaintiff did not comply with the Court's Rule 16 scheduling deadlines or the Court's January
27   30, 2008 order that Plaintiff must respond to Defendant's written discovery requests by
28   February 6, 2008. (Id., p.3). Defendant's counsel states that they have repeatedly attempted

1 to contact Plaintiff and obtain responses to their discovery requests, allowing Plaintiff ample
2 time and extensions to respond to the requests. (Id., p.4). As such, Defendant contends that
3 Plaintiff's refusal to participate in discovery and failure to abide by the Court's orders has
4 "thwarted [Defendant's] efforts to defend this case and has wasted judicial resources,"
5 warranting the severe sanction of dismissal. (Id., p.2).

6 In her response, Plaintiff states that she never received an order directing her to
7 respond to Defendant's written discovery requests. (Dkt. #38). In addition, Plaintiff states
8 that she was unaware of any such order until she obtained a copy of the docket on February
9 22, 2008. (Id.). Plaintiff also included a brief response to Defendant's motion for sanctions
10 in her "motion for leave & supplement," in which she contends that "it is defendant's 'red
11 herring' to spin this case to sanction plaintiff upon some rules without checking Title VII
12 claim of no jurisdiction herein and the fact plaintiff knew [of] no Feb. 6, 2008 discovery
13 order, saw one one [sic] docket 2/22/08 yet needs vacated for above reasons and ethics
14 violations of record." (Dkt. #40). Although Plaintiff's exact contentions are unclear,
15 Plaintiff appears to contend that she does not recall being ordered during the Court's January
16 30, 2008 telephonic hearing, at which Plaintiff appeared by telephone, to provide Defendant
17 with responses to Defendant's written discovery requests no later than February 6, 2008.
18 (Id.).

19 **A. Dismissal As An Appropriate Sanction**

20 Rule 37(b)(2)(C) provides, in pertinent part: "If a party . .. fails to obey an order to
21 provide or permit discovery . . . the court in which the action is pending may make such
22 orders in regard to the failure as are just," including dismissal of the action. Notably,
23 "[d]ismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to
24 discovery even without a prior order." Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.
25 1981). Due process requires only that dismissal may not be imposed when failure to comply
26 is due to circumstances beyond the recalcitrant's control. United States v. Sumitomo Marine
27 & Fire Ins. Co., 617 F.2d 1365, 1360 (9th Cir. 1980). However, dismissal is encouraged
28 "where the district court determines 'that counsel or a party has acted willfully or in bad faith

- 6 -

1 in failing to comply with rules of discovery or with court orders enforcing the rules or in
2 flagrant disregard of those rules or orders.'" Sigliano, 642 F.2d at 310 (quoting G-K Props.
3 v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir. 1978)).  Indeed,

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

7 G-K Props., 577 F.2d at 647.

8    A court must consider the following five factors to determine whether dismissal is
9 appropriate as a Rule 37 sanction: "(1) the public's interest in expeditious resolution of
10 litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the
11 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
12 availability of less drastic sanctions."  Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d
13 1007, 1022 (9th Cir. 2002) (citation omitted).  The key factors are prejudice and the
14 availability of lesser sanctions.  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).
15    The first two factors weigh heavily in favor of dismissal.  Plaintiff refused to
16 participate in discovery, failing to respond to Defendant's August 28, 2007 First Request for
17 Production of Documents and First Set of Interrogatories, even after a direct order from this
18 Court to respond  The discovery cutoff date in this case passed on February 22, 2008, and
19 the dispositive motions deadline passed on March 21, 2008.  As a result of Plaintiff's failure
20 to abide by her discovery obligations and this Court's January 30, 2008 order, no discovery
21 has been conducted; Plaintiff filed no dispositive motion or request for extension of the Rule
22 16 scheduling deadlines.  For all intents and purposes, by not complying with the Court's
23 orders and Defendant's counsels' reasonable attempts to obtain discovery from Plaintiff, it
24 appears that Plaintiff has in effect abandoned her case.  If the Court denied Defendant's
25 motion for sanctions and did not dismiss this case, then the public's interest in expeditious
26 litigation and the Court's need to manage its own docket would be thwarted because the
27 Court would be obligated to reopen the discovery period and the dispositive motions
28 deadline, which would be anything but expeditious; the Court's attempts to manage its

1 docket and set appropriate deadlines in this case would be rendered ineffective as well. 2 Plaintiff's "conduct thus 'greatly impeded resolution of the case and prevented the district 3 court from adhering to its trial schedule.'" Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th 4 Cir. 1994) (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir.1987)).

5 Under the third factor, a plaintiff's behavior prejudices a defendant if it impairs the 6 defendant's ability to go to trial or interferes with the rightful decision of the case. Id. (citing 7 United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th 8 Cir.1988)).  In this case, Plaintiff provided no responses whatsoever to Defendant's written 9 discovery requests. Plaintiff's actions, or inaction, have prevented this case from progressing 10 at all, even though it has been pending since March 2007.  Plaintiff's complete failure to 11 meet her discovery obligations and to abide by this Court's orders have led to the discovery 12 and dispositive motion deadlines elapsing without any meaningful exploration of Plaintiff's 13 claims, which has unduly and severely prejudiced
14 Defendant's ability to defend itself against the bare allegations in Plaintiff's complaint. 15 Thus, the third factor weighs in favor of dismissal.

16 The fourth factor – that public policy favors decisions on the merits – usually weighs 17 against dismissal. Wanderer, 910 F.2d at 656.  However, while disposition on the merits may 18 be the preferable goal in any litigation, such disposition appears impossible in this case due 19 to Plaintiff's refusal to cooperate with Defendant's minimal discovery requests, the Court's 20 scheduling order, and the Court's January 30, 2008 order.  Plaintiff failed to cooperate in 21 basic discovery in breach of both this Court's order (Dkt. #s 33, 34) and Rule 37(b)(2) of the 22 Federal Rules of Civil Procedure.  In addition, it appears that Plaintiff has been wholly 23 unresponsive to Defendant's counsels' reasonable and continued efforts to resolve Plaintiff's 24 lack of discovery responses with and without Court involvement.  Thus, the Court does not 25 give this factor much weight.

26 "Finally, the fifth factor requires that the district court consider alternate, less severe, 27 sanctions before ordering dismissal." Hyde & Drath, 24 F.3d at 1167.  A district court must 28 : (1) discuss the feasibility of less drastic sanctions and explain why alternative sanctions

- 8 -

1  would be inappropriate; (2) if possible, implement alternative sanctions before ordering
2  dismissal; and (3) warn the party of the possibility of dismissal before actually ordering it.
3  Id. (citing Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412-13 (9th Cir. 1990)).
4  Plaintiff's refusal to provide any substantive responses to Defendant's written discovery
5  requests, compounded by her failure to abide by the Court's scheduling order and the Court's
6  January 30, 2008 order, warrants severe sanctions under Rule 37(b)(2) and (d).  To date,
7  despite the Court's explicit order directing Plaintiff to comply with Defendant's August 28,
8  2007 written discovery requests, Plaintiff has failed to cooperate in any discovery.  In her
9  response to Defendant's motion for sanctions, Plaintiff states that she never received the
10 Court's order.  However, this contention is misplaced and ill-received by the Court.  The
11 Court has reviewed the transcript for the January 30, 2008 telephonic conference and notes
12 that the Court clearly and repeatedly ordered Plaintiff to respond to Defendant's August 28,
13 2007 written discovery requests.  (Dkt. #33).  The Court ordered Plaintiff to respond to
14 Defendant's discovery requests to the extent that she had any responsive documents or
15 information to what Defendant requested, and if she did not have anything, then she needed
16 to state so in her response.  Further, to the extent that Plaintiff contends that she did not know
17 of the Court's order, an order that Plaintiff acknowledged at the January 30, 2008 telephonic
18 hearing, Plaintiff states in her response to Defendant's motion for sanctions that she knew
19 of the Court's order since February 22, 2008 (Dkt. #38), and yet she has still not complied
20 with the Court's order.

21       Considering Plaintiff's inaction and failure to comply with Defendant's discovery
22 requests and this Court's orders, no lesser sanction than dismissal exists.  Despite Plaintiff's
23 discovery obligations under the Federal Rules of Civil Procedure, as well as reasonable
24 attempts by opposing counsel and repeated and specific Court orders, Plaintiff failed to
25 respond to Defendant's discovery requests, did not conduct any discovery herself, and failed
26 to file any dispositive motions (even though approximately two months have elapsed since
27 the dispositive motion deadline).  The Court also informed Plaintiff during the January 30,
28 2008 telephonic hearing that if Plaintiff failed to comply with Defendant's discovery requests

1 and the Court's order directing Plaintiff to respond, then Defendants could file any further
2 motions that they believed were necessary in light of Plaintiff's failure to comply with the
3 Court's order.

4 "Besides weighing the foregoing factors, the district court must also determine that
5 the violations of discovery orders were due to the willfulness, bad faith, or fault of the party."
6 Hyde & Drath, 24 F.3d at 1167 (citing Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th
7 Cir. 1983)).  If the disobedient conduct is in the litigant's control, then that is sufficient to
8 demonstrate willfulness, bad faith, or fault. Id. (citing Henry v. Gill Indus., 983 F.2d 943,
9 948 (9th Cir. 1993)).  Although  Plaintiff's reasons for failing to comply with Defendant's
10 written discovery requests and the Court's orders is unclear, the Court will assume that
11 Plaintiff's reasons are the same as those used to support her October 24, 2007 motion for
12 continuance.  (Dkt. #24).  In that motion, Plaintiff stated that she is a "disabled, single
13 supported female" who "needs medical, financial and legal assistance with more time for
14 such." (Id., p.1).  Plaintiff also asserted that Defendant's discovery requests constituted
15 onerous and omnibus demands.  (Id.).

16 The Court remains sympathetic to Plaintiff's condition, and the Court is mindful that
17 Plaintiff is proceeding pro se and that a pro se litigant's pleadings and papers are held to a
18 less stringent standard than those of represented parties. See Haines v. Kerner, 404 U.S. 519
19 (1972).  However, as the Court previously stated in its December 14, 2007 order, Plaintiff,
20 "[a]lthough pro se, [ ] is expected to abide by the rules of the court in which [she] litigates."
21 Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986).  Defendant served Plaintiff with only
22 one request for production of documents that contained eight requests and one set of
23 interrogatories that contained 13 interrogatories.  Defendant's written discovery request was
24 not overly burdensome, and in light of the fact that Plaintiff filed multiple motions in this
25 case, the Court sees no reason why Plaintiff could not have complied with her discovery
26 obligations and this Court's orders, despite Plaintiff's complaints of disability.  The simple
27 nature of the discovery requests and the Court's orders in this case, along with the lack of any
28 reasonable explanation for Plaintiff's failure to comply with them, demonstrates that Plaintiff

- 10 -

acted wilfully and in bad faith. Accordingly, the Court grants Defendant's motion for sanctions and finds that dismissal of this action is warranted as the appropriate sanction based on Plaintiff's wholesale disregard for the her discovery obligations under the Federal Rules of Civil Procedure, and the orders and rules of this Court.

**B. Defendant's Request for Reasonable Expenses and Attorney's Fees**

Defendant requests that the Court order Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, incurred as a result of Plaintiff's failure to respond to Defendant's discovery requests and failure to obey the Court's January 30, 2008 order, which necessitated the filling of Defendant's motion for sanctions. (Dkt. #37, p.7).

Rule 37(d) of the Federal Rules of Civil Procedure provides that "[i]n lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances makes an award of expenses unjust." A plaintiff's indigency does not make an award of expenses or attorney's fees unjust. See Gordon v. County of Alameda, 2007 WL 1750207, at *6-7 (N.D. Cal. 2007). In addition, the Court notes that "[p]ro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions." In re Sindram, 498 U.S. 177, 180 (1991). Here, the Court has already determined that Plaintiff acted willfully and in bad faith. Thus, the Court grants Defendant's request for reasonable expenses, including attorney's fees, incurred as a result of Plaintiff's failure to respond to Defendant's discovery requests and her failure to obey the Court's January 30, 2008 order.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's motion "for leave & supplement" is DENIED (Dkt. #40).

1   **IT IS FURTHER ORDERED** that Plaintiff's motion "demanding this Court read all
2   pleadings Plaintiff files with this Court; adhere to Constitution, Title VII & Oaths" is
3   DENIED. (Dkt. #35).

4   **IT IS FURTHER ORDERED** that Defendant's motion for sanctions against Plaintiff
5   is GRANTED and the case is dismissed with prejudice. (Dkt. #37).

6   **IT IS FURTHER ORDERED** that Defendant's motion for extension of time to
7   complete discovery and file dispositive motions is DENIED as moot. (Dkt. #42).

8   **IT IS FURTHER ORDERED** that Plaintiff must pay reasonable expenses and
9   attorney's fees that Defendant incurred as a result of Plaintiff's failure to comply with
10  discovery in this case, as well as the Court's January 30, 2008 order; Defendant must file a
11  Statement of Costs, including attorney's fees, no later than July 17, 2008.

12  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
13  accordingly.

14  DATED this 25th day of June, 2008.

_____
Mary H. Murguia
United States District Judge

- 12 -