1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Dianne Barker,                      )   No. CV 07-554-PHX-MHM
                                        )
10              Plaintiff,               )
                                        )   **ORDER**
11  vs.                                  )
                                        )
12                                       )
    The Hertz Corporation, et. al.,      )
13                                       )
                Defendants.              )
14                                       )
                                        )
15  _____ )

16          Currently before the Court is Plaintiff Dianne Barker's Motion for Reconsideration of

17  the Court's June 25, 2008 Order (Dkt. #46) and Motion for Transcript Order(s) (Dkt. #47).

18  The Court's June 25, 2008 Order granted Defendant's motion for sanctions, dismissed

19  Plaintiff's claims with prejudice, and ordered that Plaintiff pay reasonable expenses and

20  attorney's fees. (Dkt. #43). After reviewing Plaintiff's motions, the Court issues the

21  following order.

22          On July 25, 2008, Plaintiff filed the instant motion for reconsideration of the Court's

23  June 25, 2008 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

24  ("FRCP"), which provide, in pertinent part:

25          On motion and just terms, the court may relieve a party or its legal
            representative from a final judgment, order, or proceeding for the following
26          reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
            discovered evidence; (3) fraud (whether previously called intrinsic or
27          extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6)
            extraordinary circumstances which would justify relief.

28

1   Fed.R.Civ.P. 60(b); see Sch. Dist. No. 1J, Multnomah County, Or v. AC and S, Inc., 5 F.3d
2   1255, 1262 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is
3   presented with newly discovered evidence, (2) committed clear error or the initial decision
4   was manifestly unjust, or (3) if there is an intervening change in controlling law."). A motion
5   for reconsideration may not be used to re-litigate old matters or to raise arguments or present
6   evidence that could have been raised prior to entry of judgment. See Collins v. D.R. Horton,
7   Inc., 252 F.Supp2d 936, 938 (D.Ariz. 2003) (citing Northwest Acceptance Corp. V.
8   Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)); 1 Wright, Miller, & Kane,
9   Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28. As such, courts grant motions
10  for reconsideration only in rare circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795
11  F.Supp. 305, 308-09 (D.Ariz. 1992).

12          Plaintiff does not present newly discovered evidence or allege that controlling law has
13  changed since the Court rendered its initial decision. However, although, Plaintiff's exact
14  contentions are unclear, she appears to contend that the Court committed clear error and acted
15  manifestly unjust by fraudulently dismissing her claims and granting Defendant's Motion for
16  Sanctions. First, Plaintiff seems to argue that on January 17, 2008, she withdrew her
17  complaint for relief because the Court did not have jurisdiction to hear this case pursuant to
18  42 U.S.C. § 2000e 5(e)(1). (Dkt. #46, p.4; Dkt. #31, p.2). However, the Court notes that
19  Plaintiff never filed a motion to withdraw her complaint. And while it is true that a pro se
20  litigant is held to a less stringent standards than represented parties, Haines v. Kerner, 404
21  U.S. 519 (1972), a pro se litigant is nevertheless expected to abide by the rules of the court
22  in which he or she litigates. Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986). Second,
23  with respect to Plaintiff's fraud allegation, Plaintiff appears to contend that the Court and
24  Defendants conspired to perpetrate fraud against her by entering Judgment in favor of, and
25  awarding costs to, Defendants. This allegation seems to stem from Plaintiff's contention that
26  Defendants allegedly harassed and threatened her during the discovery process, which
27  prevented Plaintiff from conducting discovery and prevented the Court from properly

28                                              - 2 -

1 considering the merits of Plaintiff's case.  However, Plaintiff simply fails to articulate a basis

2 for this contention.  Plaintiff presents no evidence that the Court or Defendants engaged in

3 fraudulent behavior or misconduct.  See Bailey v. Internal Revenue Service, 188 F.R.D. 346,

4 353 (D. Ariz. 1999) ("The burden of proof of fraud [in Rule 60 motions] is on the moving

5 party and that fraud must be established by clear and convincing evidence.").  In addition,

6 Plaintiff contends that the Court committed clear error by failing to properly consider the

7 "pleadings and the applicable law in this case."  But again, Plaintiff fails to articulate any

8 basis for this contention.

9      Further, Plaintiff contends that the Court imposition of sanctions, namely an award of

10 attorney's fees, was manifestly unjust.  In the Court's June 2008 Order, the Court determined

11 that Plaintiff, by repeatedly failing to comply with Defendant's minimal discovery requests,

12 acted willfully and in bad faith.  Plaintiff apparently disagrees and merely reiterates the

13 arguments set forth in her Response to Hertz's Motion for Sanctions and Motion Demanding

14 the Court to Read All Pleadings and Adhere to the Constitution, Title VII and Oaths.  (Dkt.

15 #s 35, 38).  However, a motion for reconsideration cannot be used to ask the Court to rethink

16 what the Court has already thought through merely because a party disagrees with the Court's

17 decision.  Collins, 252 F.Supp.2d at 938 (citing United States v. Rezzonico, 32 F.Supp.2d

18 1112, 1116 (D.Ariz. 1998)).  Plaintiff presents no new evidence to demonstrate that she did

19 not act willfully and in bad faith, and that the Court's June 2008 Order was thus manifestly

20 unjust.  As such, the Court finds no reason to revisit its award of attorney's fees or question

21 the reasonableness of its decision.  See Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821

22 (9th Cir. 1997) ("[W]hen a Plaintiff's case is groundless, unreasonable, vexatious, or pursued

23 in bad faith, it is exceptional, and the district court may award attorney's fees."); Gordon v.

24 County of Alameda, 2007 WL 1750207, at *6-7 (N.D. Cal. 2007) (a party's indigence does

25 not make an award of expenses or attorney's fees unjust).

26 ///

27 ///

28                           - 3 -

1    To reiterate, Plaintiff's Motion for Reconsideration does not meet any of the narrow

2    instances in which reconsideration is appropriate.  The moving party must show more than

3    a mere disagreement with the Court's decision; courts should not grant motions for

4    reconsideration unless there is need to correct a clear error or prevent manifest injustice.  See,

5    e.g., Database Am., Inc., 825 F. Supp. at 1220; Refrigeration Sales Co., Inc. v. Mitchell-

6    Jackson, 605 F.Supp. 6, 7 (N.D. Ill. 1983).  As discussed above, the Court finds that Plaintiff

7    fails to set forth sufficient grounds for the Court to reconsider its June 25, 2008 Order.

8    In addition, Plaintiff filed a motion that the Court "waive any/all costs for transcripts"

9    because Plaintiff "cannot pay." (Dkt. #47).  First, the Court held two hearings, one on August

10   29, 2007 (Dkt. #21), the other on January 30, 2008 (Dkt. #33); Plaintiff's motion does not

11   specify which transcripts she would like to obtain.  Second, even if the Court were to assume

12   that Plaintiff requests transcripts from both hearings, Plaintiff submits no statement or

13   information on her finances for the Court to consider with respect to her ability or inability

14   to pay the required fees for the preparation of the court transcripts.  Plaintiff simply cannot

15   rely on conclusory statements to support her motion; likewise, the Court will not rely on the

16   statements made in Plaintiff's nearly two year old Motion to Proceed In Forma Pauperis.

17   (Dkt. #3).  Further, although Plaintiff submits an Order Regarding Deferral or Waiver of

18   Court Fees and Costs and Notice Regarding Consent Judgment from the Superior Court of

19   Arizona in Maricopa County in which a box is checked next to "IS ELIGIBLE FOR

20   WAIVER of fees and costs because the applicant is permanently unable to pay," the Court

21   will not attempt to divine the context or justification for that specific order entered in state

22   court.  Therefore, the Court denies Plaintiff's Motion for Transcript Order(s).

23   **Accordingly,**

24   **IT IS HEREBY ORDERED** denying Plaintiff's Motion for Reconsideration.  (Dkt.

25   #46).

26   **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Transcript Order(s).

27   (Dkt. #47).

28
                                        - 4 -

1    **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Ruling (Dkt. #53) as

2  moot.

3    DATED this 24th day of November, 2008.

_____
Mary H. Murguia
United States District Judge